UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**REGLA FERNANDEZ,**

 **Plaintiff,**

v.             Case No. 6:25-cv-1525-CEM-NWH

**DUSTIN FREDERICKSON,
RAYMOND TRAENDLY, and
JUDGE ELIZABETH GIBSON,**

 **Defendants.**

## REPORT AND RECOMMENDATIONS

This cause comes before the Court *sua sponte* on the Complaint. (Doc. 1). This action was transferred to this Court from the Southern District of New York. (Doc. 12). Before the case was transferred, the Southern District of New York granted Plaintiff's motion to proceed *in forma pauperis*, although the order granting the motion does not contain an analysis of the merits of Plaintiff's Complaint. (Doc. 11). Importantly, 28 U.S.C. § 1915(e)(2) ("Section 1915") requires the Court to dismiss a case where the plaintiff is proceeding *in forma pauperis* if the Court determines that the case is "frivolous or malicious," fails to state a claim, or seeks "monetary relief against a defendant who is immune from such relief." As Plaintiff is proceeding *in forma pauperis*, the undersigned will now perform the analysis required by Section 1915.

In this case, Plaintiff is suing regarding the custody of her minor child. A Florida court entered an order requiring the minor child to be returned to Florida; Plaintiff

asserts that the Florida court lacked jurisdiction. (*See* Doc. 1). Plaintiff then sued her ex-husband, the attorney representing her ex-husband in the Florida lawsuit, and the judge involved in the Florida lawsuit, alleging violations of Plaintiff's constitutional due process and equal protection rights as well as violations of the Uniform Child Custody Jurisdiction and Enforcement Act. (*See id.*).

For starters, under the *Rooker-Feldman* doctrine, a party who loses in state court cannot turn to the lower federal courts to pursue a *de facto* appeal of the state court's judgment. *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009). Federal courts will also generally abstain from exercising jurisdiction over a case that would interfere with an ongoing state court proceeding, a doctrine known as *Younger* abstention. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003). Finally, and perhaps most importantly, federal courts have historically declined to exercise jurisdiction in cases involving domestic relations, such as child custody disputes—a rule that persists to this day. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber,* divests the federal courts of power to issue divorce, alimony, and child custody decrees.").

Plaintiff attempts to bring this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1 at ¶ 9). However, Plaintiff's choice of labels is not controlling; rather, the Court looks to the *substance* of Plaintiff's claims. *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (noting that "it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately

determine whether a court can hear a claim"). In this case, Plaintiff alleges that in 2022, her minor child was "relocated" to New York due to a court order and has lived there since. (Doc. 1 at ¶¶ 12–20). However, in the ongoing proceedings in Florida, Defendant Judge Gibson ordered that the child be returned to Florida by March 14, 2025, apparently without giving Plaintiff the opportunity to be heard. (*Id.* at ¶¶ 21–23). Plaintiff's ex-husband, who is the father of the child, and his attorney have allegedly "engaged in a pattern of coercive litigation designed to exhaust Plaintiff's financial and emotional resources" and acted "in concert with Judge Gibson to deprive Plaintiff of her constitutional rights by drafting and submitting *ex parte* orders, misrepresenting facts to the court," and more. (*Id.* at ¶¶ 28–29). These Florida court proceedings, Plaintiff argues, deprived Plaintiff of her constitutional rights to due process and equal protection. (*See id.*).

Despite Plaintiff's constitutionalized labels, the substance of Plaintiff's claims is clear: she wishes to overturn the order issued by Judge Gibson, and all of the relief requested by Plaintiff flows directly from this *de facto* appeal of Judge Gibson's order. This lawsuit does not present a federal question at all. Rather, it presents questions reserved exclusively to the states. *See Ankenbrandt*, 504 U.S. 689. Although the *Rooker-Feldman* doctrine may not yet apply, as the state court case is ongoing, the *Younger* abstention and domestic relations abstention doctrines do apply here, where Plaintiff seeks federal intervention in Florida state court proceedings relating to domestic relations.

Plaintiff's problems do not end with subject matter jurisdiction and the applicable abstention doctrines.[1] It is well-settled that judges acting in their judicial capacity are absolutely immune from suit. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). In Florida, attorneys and litigants are also immune to suit for acts "occurring during the course of judicial proceedings." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1274 (11th Cir. 2004) (discussing Florida's litigation privilege, which covers causes of action beyond defamation). The conduct here, as pleaded by Plaintiff, falls squarely within the context of a judicial proceeding, as Plaintiff is suing precisely *because of* Defendants' conduct in that proceeding. (Doc. 1 at ¶¶ 21–36). Plaintiff's remedy is to appeal the case, when appropriate, within Florida's court system—not to repurpose a federal district court into a *de facto* state court of appeals. *See Nicholson*, 558 F.3d at 1274; *31 Foster Children*, 329 F.3d at 1274.

In sum: first, this Court likely does not have federal question jurisdiction; second, even if this Court had subject matter jurisdiction, the Court would abstain from exercising such jurisdiction to avoid interfering with state court proceedings and to honor the practice of federal noninterference in state domestic disputes; and third, even if this Court exercised some form of subject matter jurisdiction, Plaintiff's claims would be doomed at the outset by judicial immunity and Florida's litigation privilege.

---

[1] It is conceivable that this Court has diversity jurisdiction, as Plaintiff appears to be a citizen of New York while all Defendants appear to be citizens of Florida. 28 U.S.C. § 1332. However, diversity jurisdiction also requires at least $75,000 in controversy, which may not apply here. Even if this Court has diversity jurisdiction, Plaintiff's claims would not survive in their current form due to the immunities and federal abstention doctrines discussed herein.

In the end, the Complaint is frivolous and fails Section 1915 review, and the undersigned will recommend that the Court dismiss the Complaint without prejudice and grant Plaintiff leave to file an amended Complaint, if she can do so in good faith. *See Simms v. Juliano*, No. 6:23-CV-881-CEM-LHP, 2023 WL 11257270, at *3 (M.D. Fla. July 5, 2023) (noting that *pro se* parties are "ordinarily . . . given one opportunity to file an amended complaint"), *report and recommendation adopted*, No. 6:23-CV-881-CEM-LHP, 2023 WL 11257218 (M.D. Fla. Oct. 5, 2023).

## RECOMMENDATION

Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court **DISMISS** this action without prejudice pursuant to 28 U.S.C. § 1915(e) and **GRANT** Plaintiff leave to file an amended Complaint.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**RECOMMENDED** in Orlando, Florida, on September 2, 2025.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Unrepresented Party

Presiding District Judge